UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NICHOLAS HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:11-CV-79 |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff Nicholas Howell's Motion for a New Trial (DE 144) and Objection to Costs (DE 146) awarded to Defendant CSX Transportation as a result of the jury returning a verdict in their favor. Defendant submitted a response to the objection to costs (DE 148) and to the Motion for a New Trial (DE 149). For the reasons outlined below, the Court denies Plaintiff's Motion for a New Trial (DE 144) and orders Plaintiff to pay costs as outlined in Defendant's Bill of Costs (DE 142).

**A.    Plaintiff's Rule 59(a) Motion for New Trial**

Plaintiff asserts that reasonable minds could not differ on the question of whether Defendant violated the Locomotive Inspection Act ("LIA"). To support this conclusion, Plaintiff points to three pieces of evidence: (1) that Defendant's investigator testified that the locomotive was the source of fumes that made Plaintiff and one of his coworkers ill; (2) that Plaintiff testified he was on the locomotive when he breathed in fumes and became ill; and (3) that Plaintiff's supervisor directed one of Plaintiff's coworkers not to enter the locomotive cab

because he suspected that it was the source of the fumes that injured Plaintiff. (DE 145, Mem., at 1.)

Federal Rule of Civil Procedure 59(a) establishes the standard for granting a new trial, and allows a trial court to grant a new trial on all or only some issues. Fed. R. Civ. P. 59(a)(1). The Court will not set aside the verdict "if a reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving issues of credibility and weight of evidence to the jury." *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004) (citing *Carter v. Moore*, 165 F.3d 1071, 1079 (7th Cir. 1998)). Plaintiff requests that the Court determine the jury's verdict is against the weight of the evidence and grant a new trial on the issue of liability under the LIA.

Plaintiff cites one legal authority where the trial court found a jury verdict was against the weight of the evidence in a case involving a railroad regulation similar to the LIA. In that case, there was no dispute whether the Federal Railroad Administration's "radio rule" was violated. *Pierce v. Chi. Rail Link, LLC*, No. 03 C 7524, 2006 WL 3370343, at *6 (N.D. Ill., Nov. 20, 2006). The "radio rule" requires that "[w]hen radio communication is used in connection with the shoving, backing or pushing of a train, locomotive, car, or on-track equipment, the employee directing the movement shall specify the distance of the movement." 49 C.F.R. § 220.49. In *Pierce*, there was no dispute that the radio rule was violated when an engineer moved locomotives based on a conductor's command that did not specify the movement's distance. The court concluded that there was no basis in the evidence for concluding that the regulation had not been violated because it was undisputed, even viewing the facts in the light most favorable to the railroad. *Id.*

In this case, there is a reasonable basis in the evidence for the jury to conclude that Defendant had not violated the LIA. Unlike the facts in *Pierce*, there is a significant disagreement between the parties on this issue and Defendant presented evidence that the locomotive's condition did not violate the LIA. For instance, Defendant presented evidence during trial that the locomotive was inspected before and after Plaintiff's incident and no discrepancies or faults were found. Additionally, there was a significant dispute as to Plaintiff's physical location when he encountered the fumes.

When ruling on Plaintiff's Motion for New Trial, the Court views the evidence in the light most favorable to Defendant, the prevailing party. Factual disputes that the jury merely decided in the Defendant's favor are not against the weight of the evidence. The evidence of where the fumes were, where Plaintiff was, and the source of the fumes, did not lead to the indisputable conclusion that the locomotive was defective or otherwise violated the LIA. The jury had a reasonable basis in the evidence to return a verdict that Defendant did not violate the LIA. Therefore, Plaintiff's Motion for a New Trial (DE 144) is DENIED.

**B.     Plaintiff's Objection to Costs**

Plaintiff objects to two specific costs incurred by Defendant and argues that each party should bear its own costs. First, Plaintiff claims that Defendant cannot recover costs for a videotaped deposition that was also transcribed. Second, Plaintiff objects to copying fees by arguing that the copies were not reasonably necessary for trial. Finally, Plaintiff asserts that Defendant is in a much better financial position than Plaintiff, which allows the Court, in its discretion, to order each party to bear its own costs.

Defendant counters that Plaintiff's deposition was videotaped for use in the case, the stenographic transcript was actually used at trial, and that the copying fees incurred were solely for materials used to prepare for trial. Defendant also claims that Plaintiff must demonstrate an inability to pay costs, not merely that Defendant has greater financial resources than Plaintiff. Defendant maintains that without this showing by Plaintiff, the Court should not exercise its discretion to have each party bear their own costs.

Federal Rule of Civil Procedure 54 states that a prevailing party should be awarded costs, unless a statute, another rule, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Relatedly, 28 U.S.C. § 1920 includes fees for: "printed or electronically recorded transcripts necessarily obtained for use in case," and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920 (2), (4). While the statute includes costs for "printed *or* electronically recorded transcripts" Seventh Circuit case law now permits the prevailing party to recover costs for both a paper transcript and video recording of a deposition. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008).[1]

Defendant can recover the costs for videotaping and transcribing Plaintiff's deposition. In *Little*, the Seventh Circuit held that both the video and transcript of Little's deposition were obtained for use in the case because Mitsubishi relied on the deposition testimony in its motion for summary judgment, and the transcript was therefore also needed for the motion. *Little*, 514 F.3d at 702. Similarly, in this case, Defendant referred to Plaintiff's video deposition testimony at the summary judgment stage (DE 54, Def.'s Br. at 6), and used the transcript again during cross-examination of Plaintiff at trial. Plaintiff's objection to this cost is OVERRULED because

---

[1] The Court notes that the case Plaintiff relies on for this issue cites to an outdated case that has been superseded by a change in the Federal Rules of Civil Procedure, and by the decision in *Little v. Mitsubishi Motors N. Am., Inc. See Robinson v. Burlington N. R. Co.*, 963 F. Supp. 691, 693 (N.D. Ill. 1997) (citing *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) *superseded by Little*, 514 F.3d 699, 701–02 (7th Cir. 2008)).

the law allows recovery for the costs of both the video and the transcription, and each were reasonably obtained for use in the case.

Next, Plaintiff objects to all of Defendant's copying costs because the copies were allegedly made only for defense counsel's convenience. Alternatively, Plaintiff argues that Defendant failed to provide the Court with any way to determine if the costs were reasonably necessary for trial. A prevailing party is not required to submit a bill of costs with an economically-impractical amount of detail. *Nat'l Org. for Women, Inc., v. Scheidler*, 750 F.3d 696, 698–99 (7th Cir. 2014). In this case, Defendant's attorney provided an affidavit certifying that the copying fees were correct, necessarily incurred, and attached a series of bills and invoices for the copies. (DE 142, at 1, 9–18.) Defendant was not required to provide an affidavit for each copy, and the records provided by Defendant are sufficient to indicate that the copies were obtained for use in the case. Accordingly, this objection is OVERRULED.

Finally, Plaintiff asks the Court to invoke its discretion and decline to award costs to the Defendant. Plaintiff's request is solely based on the perceived financial disparity between Plaintiff, an individual citizen, and Defendant, a corporation. There is a presumption in favor of awarding costs to the prevailing party and this presumption is difficult to overcome. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The Court must have a "good reason" for denying costs to the prevailing party. *Id.* (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). Good reasons generally only entail the "losing party's inability to pay" or the prevailing party's misconduct. *Id.* Plaintiff has not demonstrated that he is unable to pay Defendant's costs of $3,959.03, or that Defendant has committed misconduct, let alone misconduct that would require a penalty. As a result, this objection is OVERRULED.

C. **Conclusion**

For the reasons outlined above, Plaintiff's Motion for New Trial (DE 144) is DENIED, and Plaintiff's Objection to Costs (DE 146) is OVERRULED. Plaintiff is directed to pay costs as outlined in Defendant's Bill of Costs (DE 142).

SO ORDERED on January 27, 2015.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
